**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4186**
_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KENTRELL TYRONE MCINTYRE, a/k/a Mustafa,

        Defendant - Appellant.

_____

**No. 14-4337**
_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JAIMEL KENZIE DAVIDSON, a/k/a I-Shine,

        Defendant - Appellant.

_____

**No. 14-4339**
_____

UNITED STATES OF AMERICA

        Plaintiff – Appellee,

    v.

PERRY GORONTENT WILLIAMS, a/k/a P-Flame, a/k/a Flame,

Defendant - Appellant.

_____

**No. 14-4343**
_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

NATHANIEL GRAHAM, a/k/a Nasty,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:12-cr-00188-FDW-DSC-18; 3:12-cr-00188-FDW-DSC-9; 3:12-cr-00188-FDW-DSC-28; 3:12-cr-00188-FDW-DSC-13)

_____

Submitted: January 29, 2016          Decided: February 9, 2016

_____

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

W.H. Paramore, III, W.H. PARAMORE, III, P.C., Jacksonville, North Carolina; J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina; Eric J. Foster, Asheville, North Carolina; M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellants. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Kentrell Tyrone McIntyre, Jamiel Kenzie Davidson, Perry Gorontent Williams, and Nathaniel Graham, of conspiracy to participate in racketeering activity, in violation of 18 U.S.C. § 1962(d) (2012); and convicted McIntyre, Williams, and Graham of conspiracy to commit murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5) (2012). The district court sentenced McIntyre to a total of 192 months of imprisonment, sentenced Davidson to 150 months of imprisonment, sentenced Williams to 360 months of imprisonment, and sentenced Graham to 240 months of imprisonment, and they now appeal. For the reasons that follow, we affirm the district court's judgments.

Each Appellant challenges the sufficiency of the evidence to support his convictions. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence is sufficient to support a conviction, we determine "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Palacios, 677 F.3d 234, 248

(4th Cir. 2012) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). Furthermore, "[d]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review." Id. (internal quotation marks omitted).

"To satisfy § 1962(d), the government must prove that an enterprise affecting interstate commerce existed; that each defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts." United States v. Cornell, 780 F.3d 616, 621 (4th Cir.), cert. denied, 136 S. Ct. 127 (2015) (internal quotation marks and alterations omitted). Racketeering acts include any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or felony controlled substance offenses. 18 U.S.C. § 1961(1) (2012). Completion of any overt act is not an element of a RICO conspiracy offense; rather the Government need only demonstrate that the conspirators agreed to pursue the same

criminal objective, whether that objective is started or carried out. Cornell, 780 F.3d at 624.

To demonstrate a violation of § 1959(a)(5), the Government had to prove that the Appellants agreed with each other to commit a murder for the purpose of gaining entrance to or maintaining or increasing their positions in an enterprise engaged in racketeering activity. See United States v. Basciano, 599 F.3d 184, 198-99 (2d Cir. 2010). In addition, to demonstrate withdrawal from a conspiracy, a "defendant must show affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach his coconspirators." United States v. Green, 599 F.3d 360, 370 (4th Cir. 2010). The defendant bears the burden of proving his withdrawal from the conspiracy. Id. at 370. We have thoroughly reviewed the record and the relevant legal authorities and conclude that there was substantial evidence to support the jury's verdicts of guilt as to both counts.

Williams also challenges the district court's order denying his motion to appoint substitute counsel. We review the denial of a motion for substitute counsel for abuse of discretion. United States v. Horton, 693 F.3d 463, 466 (4th Cir. 2012). In so doing, we consider (1) the timeliness of the motion, (2) the adequacy of the court's inquiry, and (3) whether the conflict between attorney and client was so great that it resulted in

5

total lack of communication preventing an adequate defense. Id. at 466-67. We conclude that the court did not abuse its discretion in refusing to appoint substitute counsel for Williams one week prior to trial.

Graham argues on appeal that the court plainly erred in failing to instruct the jury on withdrawal from a conspiracy. A district court errs in failing to provide an instruction to the jury where the instruction is legally correct, not substantially covered by the charge to the jury, and dealt with a point in the trial so important that the failure to provide the instruction seriously impaired the defendant's ability to conduct a defense. United States v. Smith, 701 F.3d 1002, 1011 (4th Cir. 2012).

Here, as Graham failed to request an instruction on withdrawal and failed to object to the court's jury charge, we review this issue for plain error. United States v. Nicolaou, 180 F.3d 565, 570 (4th Cir. 1999). "Under plain error review, [Graham] must show that (1) the district court committed error, (2) the error was plain, and (3) the error affected [his] substantial rights." United States v. Wilson, 484 F.3d 267, 279 (4th Cir. 2007). Our review of the record leads us to conclude that the court committed no error in charging the jury.

Finally, McIntyre and Davidson challenge the reasonableness of their sentences. We review a sentence for abuse of discretion, determining whether the sentence is procedurally and

6

substantively reasonable. United States v. Heath, 559 F.3d 263, 266 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence". Gall v. United States, 552 U.S. 38, 51 (2007). We then review the substantive reasonableness of the sentence, presuming that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

McIntyre challenges the procedural reasonableness of his sentence, contending that the district court erred in applying a base offense level based on conspiracy to commit murder. We reject McIntyre's argument. The district court properly calculated the advisory Guidelines range and sentenced McIntyre within that range.

Davidson asserts on appeal that his sentence is substantively unreasonable. If a district court imposes a variant or departure sentence, it must provide sufficient justification to support the degree of variance, although need

7

not find that extraordinary circumstances exist. <u>United States v. Evans</u>, 526 F.3d 155, 161 (4th Cir. 2008). We conclude based on our review of the record that the district court provided sufficient justification to support the chosen sentence. Based on the court's stated justification, the sentence is substantively reasonable. <u>See</u> <u>id.</u> at 160 (appellate court can only reverse a sentence if it is unreasonable, even if the court would have imposed a different sentence).

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>